## Kelleman, et al. v. Havas, Administratrix.

(Decided January 25, 1927.)

### Appeal from Harlan Circuit Court.

1. Bills and Notes—Notice of Presentment and Dishonor to Indorsers Held Not Shown by Evidence that Note was Due (Ky. Stats., Sections 3720b-89, 3720b-104).—Evidence by wife that deceased payee had presented note sued on for payment to bank, and that she read and mailed letters to accommodation indorsers, informing them that note was payable and due, if competent, was insufficient to prove notice of presentment and dishonor, as required by Ky. Stats., sections 3720b-89, 3720b-104.

2. Evidence—Evidence by Wife of Deceased Payee as to Presenting Note Sued on for Payment and Notice to Indorsers Held Incompetent.—In suit on note against accommodation indorsers, evidence by wife of deceased payee that he presented note for payment, and that he wrote letters to indorsers, stating that note was due and payable, held incompetent.

LYTTLE & MORGAN for appellants.

CHARLES B. SPICER for appellee

Opinion of the Court by Judge Logan—Reversing.

It is agreed that appellants, Stephen Kelleman and Louis Almasi, were accommodation indorsers on a note of Joseph Semyey of date June 21, 1921, and payable sixty days thereafter to B. Havas for the sum of $200.00. The appellee, Rosa B. Havas, administratrix of the estate of B. Havas, instituted suit against appellants in the Harlan circuit court seeking to recover the amount of the note from them. They defended on the grounds that they had no notice of the dishonor of the note, as is required by the provisions of sections 3720b-89, 3720b-104, Ky. Stats. Appellee undertook to testify that her husband presented the note for payment to the Lynch Bank and that it was not paid, but she does not state how she knows that he presented the note. She says that her

husband wrote each of the appellants and she read the letters, and that they stated that the note was payable and due. She says she stamped the letters and put them in the post-office, and that this was done a day or two after the note was due. This evidence, if competent, was not sufficient proof of notice, as she does not state that appellants were notified that the note had been presented and dishonored for nonpayment. This evidence, however, was incompetent. Combs v. Roark, 206 Ky. 455. Appellants were entitled to a peremptory instruction directing the jury to find for them, and as the court overruled their motion asking for such instruction, an appeal must be granted and the case reversed. If the evidence on another trial is the same as that on the former trial the court should instruct the jury to return a verdict for appellants.

The appeal is granted and the case reversed for proceedings consistent with this opinion.